# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MARGOT M. SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-0652-CV-W-FJG |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner, Social Security | ) |
| Administration | ) |
| | ) |
| Defendant. | ) |

## ORDER

This is a proceeding under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. and Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq. Plaintiff filed her applications in 2000, and they were denied initially. Thereafter, plaintiff requested an administrative hearing. On September 25, 2001, following the hearing the ALJ rendered a decision awarding benefits, with an onset date of July 13, 1999. A continuing disability review was conducted in April 2006, and plaintiff's disability was found to have ceased on April 1, 2006. On July 28, 2009, following a hearing, an ALJ rendered a decision in which he found that plaintiff's disability ceased on April 1, 2006, because of medical improvement. On May 13, 2011, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3), provides for judicial review to the same extent as the Commissioner's final determination under section 205. Judicial

review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether there exists substantial evidence in the record as a whole to support the decision of the Commissioner. Siemers v. Shalala, 47 F.3d 299, 301 (8th Cir. 1995). This determination requires review of the entire record, including both evidence in support of, and in opposition to, the Commissioner's decision. Fountain v. Railroad Retirement Bd., 88 F.3d 528, 530 (8th Cir. 1996). The Court's role, however, is not to re-weigh the evidence or try the issues de novo. Craig v. Chater, 943 F. Supp. 1184, 1188 (W.D. Mo. 1996) (citing McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1993)). When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Substantial evidence is more that a mere scintilla but less than preponderance. It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Chater, 108 F.3d 178, 179 (8th Cir. 1997)(citing Clark v. Chater, 75 F.3d 414, 416 (8th Cir. 1996)). The substantial evidence standard, however, presupposes a zone of choice within which the decision makers can go either way, without interference by the courts. Clarke v. Bowen, 843 F.2d 271, 272-73 (8th Cir. 1988). "[A]n administration decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Id. Hence, "if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's finding, we must affirm the decision." Roe v. Chater, 92 F.3d 672, 675 (8th Cir. 1996) (quoting Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992)).

When benefits have been denied based on a determination that a claimant's disability has ceased, the issue is whether the claimant's medical impairments have improved to the point where she is able to perform substantial gainful activity. See 42 U.S.C. § 423(f)(1). This "medical improvement" standard requires the Commissioner to compare a claimant's current condition with the condition existing at the time the claimant

was found disabled and awarded benefits. The continuing disability review process involves a sequential analysis prescribed in 20 C.F.R. § 404.1594(f). See Dixon v. Barnhart, 324 F.3d 997, 1000-1001 (8th Cir. 2003). The regulations provide that determining whether a claimant's disability has ceased may involve up to eight steps in which the Commissioner must determine the following: (1) whether the claimant is currently engaging in substantial gainful activity, (2) if not, whether the disability continues because the claimant's impairments meet or equal the severity of a listed impairment, (3) whether there has been a medical improvement, (4) if there has been a medical improvement, whether it is related to the claimant's ability to work, (5) if there has been no medical improvement or if the medical improvement is not related to the claimant's ability to work, whether any exception to medical improvement applies, (6) if there is medical improvement and it is shown to be related to the claimant's ability to work, whether all of the claimant's current impairments in combination are severe, (7) if the current impairment or combination of impairments is severe, whether the claimant has the residual functional capacity to perform any of his past relevant work activity, and (8) if the claimant is unable to do work performed in the past, whether the claimant can perform other work. See id. (citing 20 C.F.R. § 404.1594(f)).

      The Court has reviewed the parties' briefs and the record below. Despite this searching review, the Court cannot find substantial evidence in the record to support the Commissioner's decision. Specifically, the Court finds that the ALJ's conclusion that plaintiff experienced medical improvement is not supported by the substantial evidence on the record as a whole. The "severe" impairments identified in the September 25, 2001 decision were listed as: depression with anxiety; lack of energy; inability to cope; back and foot pain due to arthritis and spasms. Tr. 42, 40. On subsequent review in 2009, the second ALJ found that the conditions identified as medically determinable impairments by the 2001 decision were: back disorder, depressive disorder, obesity, and hepatitis C. Tr. 22. The second ALJ then concluded that plaintiff's hepatitis C treatment was successful

and the hepatitis was in remission; however, this Court agrees with plaintiff that hepatitis C was not included by the original ALJ as a "severe" impairment in the original decision, and thus the medical improvement in her hepatitis condition is irrelevant to the case at bar. Further, substantial evidence on the record as a whole indicates that plaintiff's depression is no better than when she was awarded disability in 2001, and that plaintiff's back pain has not resolved. The second ALJ's decision does not analyze plaintiff's foot pain, arthritis and spasms, lack of energy, or inability to cope. In addition, plaintiff's obesity appears to have worsened in the years since her original disability determination, and she has developed additional conditions such as gastrointestinal reflux disease and chronic obstructive pulmonary disease. Furthermore, the Court finds that in light of the above, substantial evidence does not support the second ALJ's decision that plaintiff is able to engage in substantial gainful activity.

Reversal and entry of judgment may be appropriate when a remand would only serve to delay the award of benefits. Porch v. Chater, 115 F.3d 567, 573 (8th Cir. 1997) (citing Andler v. Chater, 100 F.3d 1389, 1394 (8th Cir. 1996)). The Court finds that the record in this case unquestionably supports reinstatement of plaintiff's benefits.

Accordingly, it is hereby **ORDERED** that plaintiff's claim, as stated in her brief (Doc. # 6) is **GRANTED**, and the decision of the Commissioner is hereby reversed and judgment shall be entered awarding plaintiff reinstatement of benefits.

Date: April 17, 2012  **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                Fernando J. Gaitan, Jr.
                                     Chief United States District Judge